IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| FRANKIE DEAN WINTERHALTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-13-1167-F |
| | ) | |
| JERRY CHRISMAN, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action seeking a writ of habeas corpus under 28 U.S.C. § 2254. The case has been referred to the undersigned by United States District Judge Stephen P. Friot for preliminary review, for conducting any necessary hearings, including evidentiary hearings, for the entry of appropriate orders as to non-dispositive matters, and for the preparation and submission of proposed findings and recommendations as to dispositive matters referenced in 28 U.S.C. § 636(b)(1)(B) and (C). The Respondent has filed a motion to dismiss on grounds that Petitioner has failed to exhaust his state court remedies. Petitioner was advised of the motion, and that he had until February 19, 2014, to respond. Petitioner has not responded, but as the time for doing so has now passed the matter is at issue and ready for disposition.

**BACKGROUND**

By this action, Petitioner challenges the following convictions: count one, using a vehicle to facilitate the intentional discharge of a firearm; and, count two, second degree burglary. Petition, 1; Case No. CF-2010-400, District Court of Payne County. Petitioner was convicted by a jury, and was sentenced on September 9, 2011; he received a sentence of forty years on the first count, and ten on the second (to run concurrently with the first count).

Petitioner filed a direct appeal, and the Oklahoma Court of Criminal Appeals (OCCA) affirmed on October 26, 2012.[1] Petitioner did not seek further review in the state courts, and did not seek a writ of certiorari in the United States Supreme Court. Petition, 2. In his direct appeal, in which he was represented by counsel different from that who provided his defense at trial, Petitioner raised seven propositions: (1) insufficiency of the evidence to support count one; (2) trial court error in the instructions to the jury; (3) trial court error in instructing the jury on the issue of flight; (4) trial court error in curtailing the cross-examination of a state's witness; (5) ineffective assistance of trial counsel for failing to object to the jury instructions that formed the basis for the second and third propositions of error on appeal; (6) that the sentence on count one was excessive; and, (7) that cumulative error denied Petitioner a

---

[1] In the Petition, Petitioner states that his convictions were affirmed on October 26, 20<u>13</u>. Petition, 2. However, the Summary Opinion that Respondent has attached to his motion to dismiss bears a date of October 26, 20<u>12</u>. The brief in support of the Petition also states that the Oklahoma Court of Criminal Appeals affirmed in 2012, not 2013. This distinction is important to the recommended disposition of the pending motion for reasons that will be discussed below.

fair trial. *See* Petition, 2. Although Petitioner did not seek state post-conviction relief, he did ask for sentence modification on November 6, 2012. Petition, 2. He states that this motion is still pending. Petition, 3.

In this action, Petitioner seeks habeas relief on five grounds. Four of the grounds were raised, and thus exhausted, on direct appeal: Ground One, insufficiency of the evidence as to count one; Ground Three, the trial court's curtailing of the cross-examination of one of the state's witnesses; Ground Four, that Petitioner's sentence on the first count is excessive; and Ground Five, cumulative error. Petition, 3, 6, 7, 8. However, in Ground Two, Petitioner claims that he is actually innocent, and that his trial and appellate counsel failed "to adequately demonstrate the same: evidence in the case points to Petitioner's innocence, and to Petitioner's version of what occurred." Petition, 4. Although Petitioner only refers to "counsel" in Ground Two of the petition itself, his brief in support of his petition makes clear that this ground is directed to both trial and appellate counsel. Brief and Memorandum in Support of Petition for Habeas Corpus (Brief in Support of Petition), 7. Petitioner claims that there was no viable evidence presented at trial that supports Petitioner's "guilt in firing a weapon." *Id.* He claims that Petitioner was deprived of adequately confronting a questionable witness statement because trial counsel failed to "properly develop" the facts. *Id.* He further claims that appellate counsel failed to argue this error. *Id.*

**MOTION TO DISMISS**

Respondent argues that Petitioner's action should be dismissed because the issues raised in Ground Two have never been presented to the state's highest court. Motion to Dismiss, 2-3. Respondent concedes that Petitioner did raise sufficiency of the evidence and ineffective assistance of trial counsel in the context of alleged errors in the instructions to the jury, but contends that Petitioner has never raised a claim of actual innocence, or ineffective assistance of trial counsel with regard to the failure to develop evidence of his alleged factual innocence. Respondent claims that any effort by Plaintiff to raise the issues contained in Ground Two in state court would not be futile because a claim of actual innocence can be "raised at any stage of an appeal." Motion to Dismiss, 3-4. For some unknown reason, Respondent does not mention that Petitioner would not be barred from raising a claim of ineffective assistance of appellate counsel—as he obviously could not have done so in the appeal. Perhaps Respondent failed to notice that the brief in support of his petition makes clear that in Ground Two Petitioner attacks the performance of both trial and appellate counsel. *See* Brief in Support of Petition, 7-8.

**DISCUSSION**

A state prisoner must exhaust all available state court remedies before seeking a federal writ of habeas corpus unless it appears that there is an absence of an available state corrective process or circumstances exist that render such process ineffective to protect the rights of the prisoner. *See* 28 U.S.C. § 2254(b)(1); *see also Selsor v.*

4

*Workman,* 644 F.3d 984, 1026 (10th Cir. 2011) ("A state prisoner generally may not raise a claim for federal habeas relief unless he 'has exhausted the remedies available in the courts of the State.'" (citation omitted)). "Under this requirement, 'federal district courts may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims.'" *Fairchild v. Workman,* 579 F.3d 1134, 1155 (10th Cir. 2009) (citation omitted)).

As illustrated in Respondent's motion to dismiss, Petitioner has not exhausted the claims raised in Ground Two of the petition now before the Court. Petitioner has not responded to the motion to dismiss, so does not dispute that his direct appeal did not include the claim raised in Ground Two.

When claims are unexhausted, the Court must determine whether a return to state court would be futile. *See James v. Gibson,* 211 F.3d 543, 550 (10th Cir. 2000) ("Exhaustion is not required if an attempt to exhaust would be futile." (citation omitted)). In Oklahoma, any claim not raised in a direct appeal is considered waived and cannot be raised in an application for post-conviction relief. *See Davis v. Oklahoma,* 123 P.3d 243, 244 (Okla. Crim. App. 2005) ("'This Court will not consider issues which ... have been waived because they could have been, but were not, raised on direct appeal.'" (citation omitted)). Petitioner has not yet had an opportunity to attempt to establish that his appellate counsel was ineffective.[2] Thus, an attempt to establish

---

[2] The undersigned notes Respondent's contention that claims of actual innocence are the foundation of Oklahoma's post-conviction process. *See* Motion to Dismiss, 3-4. Respondent further argues that such claims can be raised "at any time," citing *Slaughter v. State*, 108 P.3d 1052 (Okla. Crim. App.

ineffective assistance of appellate counsel via a state post-conviction application would not be futile. Moreover, although the State may waive the exhaustion requirement, it clearly does not do so in this case; the state attorneys' persistence that this matter be presented in state court before continuing with federal habeas proceedings, and the importance of comity and federalism leads the undersigned to find that the state courts should be given an opportunity to first address the matters raised in Ground Two.

Because the Petition contains both exhausted and unexhausted claims it cannot be adjudicated in this Court. However, as noted above, Petitioner may still have an available state court remedy with regard to Ground Two, and could return to the state courts to attempt to complete exhaustion. However, Petitioner cannot at this point exhaust his claim and still present it in a timely manner under the one-year period of limitations under the Anti–Terrorism and Effective Death Penalty Act (AEDPA). That clock begins to run in relevant part when the action becomes final. *See* 28 U.S.C. § 2244(d)(1)(A).

As noted above, the OCCA affirmed Petitioner's convictions on October 26, 2012. Because Petitioner did not seek review in the United States Supreme Court, his convictions became final ninety days later, on January 24, 2013. Thus, without tolling, Petitioner's statute of limitations would have expired on January 24, 2014. Although this

---

2005). However, *Slaughter* involved a defendant who had received a death sentence, and the OCCA specifically cited Okla. Stat. tit. 22, § 1089(C)(2) in making its statement regarding actual innocence claims. Because Plaintiff's ineffective assistance of appellate counsel claim is clearly unexhausted, the undersigned need not address the different post-conviction process Oklahoma provides for cases in which the death penalty has been imposed, or whether the distinction would make a difference here.

action was filed on October 21, 2013—before the AEDPA limitations period expired—the current habeas petition will not serve to toll the limitations period if either the entire petition or the claim in question is dismissed. *See Duncan v. Walker,* 533 U.S. 167, 181–82 (2001).

Under these circumstances, the undersigned recommends that instead of dismissing the petition, the Court implement the "stay and abeyance" procedure. *Rhines v. Weber,* 544 U.S. 269, 274–79 (2005) (holding that in appropriate circumstances the district court may hold the federal habeas case in abeyance to allow a petitioner to take his unexhausted claims back to the state court).

In this Court, that procedure is generally applied through administrative closure. *See, e.g., Harmon v. Jones,* No. CIV–10–16–C, 2010 WL 3516866, at *1 (W.D.Okla. Sept. 1, 2010) (unpublished order) (adopting magistrate judge's recommendation that habeas case be administratively closed to allow petitioner to return to state court to complete exhaustion of state court remedies). "The effect of an administrative closure is no different from a simple stay, except that it affects the count of active cases pending on the court's docket; i.e., administratively closed cases are not counted as active." *Mire v. Full Spectrum Lending Inc.,* 389 F.3d 163, 167 (5th Cir. 2004) (citation omitted). With administrative closure, Petitioner can move to reopen the present action when state court exhaustion is complete, preventing the potential expiration of Petitioner's one-year statute of limitations.

7

**RECOMMENDATION**

For the reasons discussed above, the undersigned Magistrate Judge finds that while the Petition contains both exhausted and unexhausted claims, a possibility remains that Petitioner's unexhausted claims could still be heard in state court. Accordingly, it is hereby recommended that Respondent's Motion to Dismiss for Failure to Exhaust, **ECF No. 15**, be **GRANTED IN PART AND DENIED IN PART.** Specifically, it is recommended that the action be **ADMINISTRATIVELY CLOSED** to allow Petitioner to return to the Oklahoma courts to seek relief on his unexhausted claim. To avoid unnecessary delay, however, the undersigned further recommends that Petitioner be directed to **file a notice with the Court Clerk within thirty days** of any order adopting this Report and Recommendation, showing that he has initiated post-conviction proceedings on his unexhausted claims, and **then must move to reopen the present action within fourteen (14) days after the OCCA enters a final disposition**, if he is unable to obtain relief in the state district court. If Petitioner fails to timely comply with these requirements, the undersigned recommends that the Court dismiss the action without prejudice.

The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by **March 14, 2014,** in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The parties are further advised that failure to timely object to this Report and Recommendation waives the right to

appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF THE REFERRAL

This Report and Recommendation **disposes of all issues referred** to the undersigned magistrate judge.

**ENTERED** on February 25, 2014.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE